IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CAMILLE Y. McKINNEY and ROBERT McKINNEY, <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF MARYLAND, <br> BWW LAW GROUP, LLC, <br> CARRIE M. WARD, and <br> JUDGE ROBIN D. GILL BRIGHT, <br><br> Defendants. | Civil Action No.: PX-23-1430 |

**MEMORANDUM**

Plaintiffs Camille and Robert McKinney filed this action together with the full filing fee. Because the Complaint suffers from several infirmities, it must be dismissed.

The Complaint concerns allegedly improper foreclosure proceedings initiated against Plaintiffs' property by Defendant BWW Law Group, LLC and Carrie M. Ward as "substitute trustee." ECF No. 1 at 3. Regarding Defendants State of Maryland Judge Robin D. Gill Bright, the Complaint avers that the State "holds the deed to the subject property," and the Judge "knew, or should have known, that BWW and its clients had no standing to file the underlying foreclosure action." *Id.* at 4. The Complaint invokes 42 U.S.C. § 1983 and the Declaratory Judgments Act 28 U.S.C. § 2201, asking this Court to declare the foreclosure action "void," and the property title "to be vested in Plaintiff's name only." Plaintiffs also seek monetary damages. *See id.* at 7-10.

As for Defendants State of Maryland and Judge Robin D. Gill Bright, neither can be properly sued. The State is immune from any citizen suits in federal court pursuant to the Eleventh Amendment to the United States Constitution. *See Pennhurst State Sch. and Hosp. v. Halderman*,

465 U.S. 89, 100 (1984).  Although Maryland has waived its sovereign immunity for certain kinds of cases brought in state courts, *see* Md. Code Ann., State Gov't § 12-202(a), it has not waived its immunity under the Eleventh Amendment.

Similarly, Judge Gill Bright enjoys judicial immunity from suit for decisions she has made in connection with the state litigation.  *See Forrester v. White*, 484 U.S. 219, 226-27 (1988).  The doctrine is designed to afford judges freedom to rule dispassionately and impartially, without the threat of "an avalanche" of personal suits filed by disgruntled litigants.  *Id*.  Thus, the claims against the State of Maryland Judge Gill Bright must be dismissed.

Turning to the claims against BWW Law Group and Ward, Plaintiffs admit that a state foreclosure proceeding concerning the property is pending in the Circuit Court for Prince George's County. ECF No. 1.[1]  To the extent Plaintiffs ask this Court to enjoin the state court proceedings or seek declaratory relief regarding rights to the property at issue, the Court lacks such authority pursuant to the Anti-Injunction Act.  28 U.S.C. § 2283 (this Court may not grant "an injunction to stay the proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.").  Relief barred by the Anti-Injunction Act is also unavailable by way of declaratory judgment.  *See Samuels v. Mackell*, 401 U.S. 66, 73 (1971) (declaratory relief has virtually the same practical impact as a formal injunction).

Nor can Plaintiff maintain a 42 U.S.C. § 1983 suit against Defendants BWW Law Group or Ward.  Section 1983 imposes liability on "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any ... person ... to the deprivation of any rights[.]"  42 U.S.C. § 1983.  Because these Defendants are

---

[1] *See WBGLMC vs McKinney*, CAEF22-26634, available at http://casesearch.courts.state.md.us/inquiry.

private parties who do not act under color of state law, the § 1983 claims against them necessarily fail.[2]

In sum, the Complaint must be dismissed. To the extent Plaintiffs believe the claims asserted constitute a viable defense to the foreclosure action in state court, they may raise the claims in the context of that case. Plaintiffs' Motion for Preliminary Injunction is also denied as moot. ECF No. 5. A separate Order follows.

| | |
|---|---|
| 6/28/23 | /S/ |
| Date | Paula Xinis<br>United States District Judge |

---

[2] To the extent the McKinneys intend to pursue state common law claims, the Court lacks diversity jurisdiction. Diversity jurisdiction is present where the amount-in-controversy exceeds $75,000 and complete diversity of citizenship exists between every plaintiff and every defendant. 28 U.S.C. § 1332(a)(1). *See also Central West Virginia Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011), citing *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). The Complaint makes clear that Plaintiffs are Maryland residents, and BWW Law Group resides in Rockville, Maryland, thus defeating complete diversity.